**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO BELTRAN-PRADO,<br><br>Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>Respondent. | No. 13-71548<br><br>Agency No. A087-595-496<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2015[**]

Before: CANBY, BEA, and MURGUIA, Circuit Judges.

Armando Beltran-Prado, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

Beltran-Prado does not challenge the BIA's finding that he did not contest the IJ's denial of his asylum application as time-barred.

With respect to withholding of removal, substantial evidence supports the BIA's determination that Beltran-Prado did not establish past persecution in Mexico. *See Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000) ("Threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual suffering or harm.") (internal quotation and citation omitted). Substantial evidence also supports the BIA's conclusion that Beltran-Prado failed to establish it is more likely than not he will be persecuted on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009) ("to demonstrate that a protected ground was 'at least one central reason' for persecution, an applicant must prove that such ground was a cause of the persecutors' acts"); *see also Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground). We reject Beltran-Prado's contention that the BIA ignored evidence. Thus, Beltran-Prado's withholding of removal claim fails.

Finally, substantial evidence supports the BIA's denial of Beltran-Prado's CAT claim because he failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**